

NORMA WILLCOXSON
MELVIN WILLCOCKSON
1915 North Frazier
Conroe, Texas 77301
713-542-1110
Pro Se Defendants

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Hannah Nuszen | ) | |
|     *Plaintiff,* | ) | MOTION OF DEFENDANTS |
| v. | ) | ANSWER, ASSESSMENT TO |
| | ) | DISMISS, OR ALTERNATIVE |
| Norma Willcockson, | | MOTION FOR SUMMARY |
| | | JUDGMENT |
| Melvin Willcockson | ) | |
|     *Defendants.* | ) | 17 CV 5750 |
| | | |
| | | Judge Blakey |
| | | Magistrate Judge Finnegan |

### INTRODUCTION

Defendants NORMA WILLCOXSON AND MELVIN WILLCOCKSON (collectively "NWMW") move to dismiss all of plaintiff Hannah Nuszen's claims against them. This motion is briefed as prescribed in D.U.Civ.R. 7-1(b)(3)(A) and 56-1.

### Identification of Parties to this Motion

Plaintiff Hannah Nuszen purports to have been a minor at the time of any of the alleged actions. She will be identified herein as "Hannah Nuszen." Defendants NORMA WILLCOXSON AND MELVIN WILLCOCKSON will be identified collectively as "NWMW," *except* when the context requires otherwise.

1

## Answer

Defendant's deny or have no knowledge of allegations in 13-14, in 15 agree in part that they were enlisted by Jack Nuszen on December 16th, 2013, to supervise the transportation of a child, and deny all other allegations in 15, and deny or have no knowledge of 16-23. NWMW deny Count One against them and are not mentioned by name in Counts Two, Three, or Four. Ms. Nuszen's "Declaration" is a cheap, nonsensical attempt to avoid being sued in State Court for the libel, slander, abuse of process, and intentional infliction of emotional distress that her mother has heaped on NW in other lawsuits.

## Motion

Pursuant to FRCP 12(b) and DIX ivR 7-1, Defendant NWMW moves to dismiss for the following reasons: (1) This Court lacks of personal jurisdiction, (2) Plaintiff Hannah Nuszen's lack of standing, (3) This Court lacks subject matter jurisdiction and should abstain from hearing the case since it would otherwise be engaging in appellate review of a judgment entered against the Plaintiff's mother in a Texas state court, (4) This Court is not the proper venue for hearing this case (5) The Complaint fails to state a claim for which relief can be granted, (6) Statute of Limitations on any legal claim, and (7) The Complaint is so vague and ambiguous that it fails to fairly put Defendant NWMW on notice of the basis for the lawsuit.

### The relief sought is dismissal as against Defendant NWMW

In this motion, NWMW asserts that Hannah Nuszen has no legal authority to prosecute this lawsuit and any causes of actions would have expired after two years. All actions against NWMWGOH started per Petitioner's Factual Allegations on December 16th, 2013. Therefore, her complaint must be dismissed.

2

There is no personal jurisdiction over Defendants.

Dismissal is sought for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), under the "*Rooker-Feldman* doctrine." Dismissal is alternatively sought under "preclusion doctrine," a component of federal statutory "full faith and credit" law. NWMW's over-arching argument, under either doctrine, is that a state court judgment, adverse to Hannah Nuszen, plainly disqualifies her from filing any legal actions on behalf of HN.

## Reserved Defenses

In moving to dismiss under the above-specified grounds, NWMW does not waive any other defenses that might alternatively support summary disposition. At least several such alternatives exist. These include: (1) Unavailability of a private cause of action, against private actors, for Child Abduction, Interference of Custody, and Agreement to Abduct from Custody, (2) the causes of action alleged are Texas Penal codes and should therefore be heard in Texas, if anywhere, and (3) Failure to comply with Fed.R Civ. P. 8, 9, and 12(f) pleading standards. NWMWGOH reserves its prerogative to raise these alternative defenses, and any other available alternative defenses, in later proceedings—*if* this Court denies this motion, as permitted by Fed. R. Civ. P. 12(h).

## Inapplicability of Rule 12 and Rule 56 Presumptions

NWMW pauses to deny each and every allegation of misconduct in Hannah Nuszen's complaint.

The complaint is prolix, rambling, and vague. Hannah Nuszen's mother has previously directed grievances against seven discrete private and governmental entities (plus ten "Does"). Hannah Nuszen here ups the previous totals by filing against 16 individuals and 100 doe(s). Although, in fact, most of Plaintiff's pleadings are lifted almost directly from her mother's current

pleading in the Texas Federal Court, including Texas Penal law.

Normally, in considering a motion to dismiss or a motion for summary judgment, this Court will presume the truth of all well-pleaded factual allegations made by the nonmoving party. But in this case, very few such *well-pleaded* and *factual* allegations appear in the complaint. Amidst all the verbiage, NWMW gleans allegations to the effect that HN is the minor daughter of Mirium Nuszen and codefendant Jack Nuszen. Hannah Nuszen alleges that she was admitted to NWMW's care by her father, codefendant Nuszen, apparently against her wishes. That much may be presumed true, for purposes of this motion.

But otherwise, Hannah Nuszen's complaint merely lists "labels and conclusions," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting authority). She asserts as "fact" that defendants are "human traffickers". Overall, the complaint appears more calculated to inflame than to inform. In any event, in this case, as in *Iqbal*, "[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

## STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

### Statement re: Federal Court Jurisdiction

Hannah Nuszen asserts "federal question" jurisdiction, per 28 U.S.C. § 1331, and venue under 28 U.S.C. 1391(b).

### Statement re: Personal Jurisdiction of NWMW

**This Court Lacks General Personal Jurisdiction Over Defendant NWMW**

This Court lacks general personal jurisdiction over Defendant NWMW due to a lack of sufficient contact with the state of Illinois. The plaintiff generally bears the burden of establishing

4

personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). To do so, the plaintiff "need only make a prima facie showing of personal jurisdiction." *Id.* at 1070. "General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state, and does not require that the claim be related to those contacts with the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (quoting *Dudnikov*, 514 F.3d at 1078). "Simply because a defendant has a contractual relationship and business dealings with a person or entity in the forum state does not subject him to general jurisdiction there." *Shrader*, 633 F.3d at 1246-47.

The "continuous and systematic" contacts required by due process to exercise general personal jurisdiction over a non-resident defendant is typically only found when the defendant is incorporated in the forum state, regularly does business in the forum state, or habitually visits the forum state. *See id.* (the ongoing business relationship with forum state was insufficient to support general jurisdiction).

Here, Plaintiff does not and cannot even allege that the Defendant NWMW has ever visited Illinois, is or was domiciled in Illinois, or was otherwise engaged in anything remotely close to "continuous and systematic" activity within Illinois. Instead, Plaintiff alleges that Defendant NWMW is a private resident of Texas who conduct business in Texas. This is not enough under the foregoing authority to satisfy general jurisdiction. *Shrader*, 633 F.3d at 1239. As such, Plaintiffs claims against Defendant NWMW should be dismissed for lack of general personal jurisdiction.

### This Court Lacks Specific Personal Jurisdiction Over Defendant NWMW

This Court lacks specific personal jurisdiction over Defendant NWMW. The test for establishing specific personal jurisdiction involves two questions: (1) whether the applicable forum state statute permits service on the defendant, and (2) "whether the exercise of such statutory jurisdiction comports with constitutional due process demands." *Dudnikov*, 514 F.3d at 1070. Due

5

process requires that the defendant have "minimum contacts" with the jurisdictional territory of the forum, so that the suit "does not offend 'traditional notions of fair play and substantial justice.' *Intl Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945). "The requirements of *International Shoe,* however, must be met as to each defendant over whom a state court exercises jurisdiction". *Walden v. Fiore,* 134 S. Ct. 1115, 1123 (2014) (quoting *Rush v. Savchuk,* 444 U.S. 320, 332 (1980)).

Additionally, the "plaintiffs bear the burden of establishing personal jurisdiction." *Dudnikov,* 514 F.3d at 1069. A prima facie showing of specific personal jurisdiction is required. *Id.* at 1170.

Plaintiffs claims under 42 U.S.C. § 1983 do not singularly "confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, [so] Fed.R.Civ.P. 4(k)(1)(A) refers us to the [Utah] long-arm statute." *Trujillo v. Williams,* 465 F.3d 1210, 1217 (10th Cir. 2006) (noting that 42 U.S.C. 1983 does not confer nationwide jurisdiction).

Defendants have never been to Illinois nor had any contact with Petitioner in Illinois.

### Elements Required for NWMW to Prevail on this Motion

To prevail on this motion, NWMW must demonstrate the existence of the just-mentioned state court judgment, and demonstrate that it bars Hannah Nuszen's complaint in this Court. If the "*Rooker-Feldman* doctrine" applies, this Court lacks subject matter jurisdiction, requiring dismissal under rule 12(b)(1). If "preclusion doctrine" applies, Hannah Nuszen is barred from complaining to this Court, requiring dismissal under Fed. R. Civ. P. 12(b)(6) (failure to state claim upon which relief can be granted)

### Undisputed Material Facts

Hannah Nuszen's premise that she is a proper plaintiff in this Court, is false, as the

6

following facts demonstrate:

1. Custody of HN, and custody of her siblings, was the subject of divorce proceedings that were instituted in 2008, in a Harris County, Texas trial court.

2. On November 20, 2013, the Texas trial court entered a 29-page "Order in Suit to Modify the Parent-Child Relationship." The Texas trial court's order included the following features:

   a. Codefendant Nuszen was appointed "*Sole Managing* Conservator" over HN and her siblings. (Order p. 3, in Exh. 1, emphasis added.)

   b. Miriam Blank was appointed "a parent conservator." (Id. p. 4.)

   c. As "sole managing conservator," the Texas trial court granted codefendant Nuszen certain "*exclusive* rights" and duties (emphasis added), including:

      i. "the right to consent to psychiatric and psychological treatment of the children;"

      ii. "the *right to represent the children in legal action* and to make other decisions of substantial legal significance concerning the children[.]"

   d. The Texas trial court found that its orders "are in the best interest of the children." (Id. p. 3.)

3. The Texas trial court's order was entered after a jury trial that spanned fourteen days. (Id. p. 1.)

4. On April 3, 2014, Petitioner's mother filed her 1st complaint in this Court in the Utah Federal Court. After the case was dismissed by this court, the second case was filed on November 18th, 2015. Another case was filed July 31st, 2017, in Texas Federal Court, and on August 4th, 2017, an almost identical complaint is filed against us here in this Court by

7

Petitioner.

## ARGUMENT:

### THE TEXAS STATE COURT JUDGMENT BARS HANNAH NUSZEN'S COMPLAINT

At first blush, this seems to be a simple, commonsense proposition: the Texas trial court's November 2013 "Order in Suit to Modify the Parent-Child Relationship," granted codefendant Nuszen the *exclusive* possession and access for HN, defeats her argument she was abducted by Defendant's under Nuszen's control, and bars her complaint in this Court. That being the case NWMW can not be held liable for operating under color of law in transporting the minor child in this case.

Analysis of this proposition implicates at least two different legal theories. One is the "*Rooker-Feldman* doctrine," named for two United States Supreme Court cases decided in 1923 and 1983.[2] Another is "preclusion doctrine" under the federal "full faith and credit" statute, 28 U.S.C.A. § 1738 (Westlaw 2014). Aspen addresses these alternatives in order.

### *Complaint Barred by Rooker-Feldman Doctrine*

The *Rooker-Feldman* doctrine embodies the rule that United States district courts lack jurisdiction over appeals from state court judgments. That jurisdiction is exclusively lodged with the United States Supreme Court, per 28 U.S.C. § 1257 (Westlaw 2014). *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005).

In this case, in order for Hannah Nuszen to pursue her sweeping claims against Aspen and the other defendants, she must have authority to do so. As HN's parent, Nuszen had an absolute right to have his child transported. Such authority is granted *exclusively* to codefendant

8

Nuszen, with respect to HN and her siblings.

Under 28 U.S.C. § 1257 and the *Rooker-Feldman* doctrine, this federal District Court lacks jurisdiction to hear such appeal from that ruling. It is barred from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Accordingly, Hannah Nuszen's complaint must be dismissed, for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1).

### *Complaint Barred by Preclusion Doctrine*

If this Court somehow has subject matter jurisdiction, federal "preclusion doctrine" alternatively requires dismissal of the complaint. This doctrine arises from the "full faith and credit" statute. *Brady v. UBS Financial Services, Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008). This statute provides that state judicial decisions, properly authenticated, "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C.A. § 1738 (Westlaw 2014), *quoted and explained in Allen v. McCurry*, 449 U.S. 90, 96 (1980). The statute reinforces "the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id*.

To determine whether a state court judgment bars a federal court complaint, this Court must apply the law of the state where the judgment was rendered. *Brady*, 538 F.3d at 1327. Therefore, for this case, Texas preclusion law applies.

Claim preclusion, sometimes still called *res judicata*, see *Allen v. McCurry*, 449 U.S. at 94 n. 5, requires proof of three elements in Texas: (1) a prior final judgment on the merits by a

9

court of competent jurisdiction; (2) identity of the parties (or privity with a party); (3) a second action based on the same claim (or claim that could have been raised in the first action). *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Texas 1996), *cited and followed in Proctor & Gamble Co., et al. v. Haugen, et al.*, 158 F.Supp.2d 1286, 1297 (D. Utah 2001).

That claim is precluded by Texas preclusion law because: (1) the Texas trial court rejected it on the merits, by granting "exclusive" authority, to codefendant Jack Nuszen, "to represent the children in legal action . . . ."

The conclusion is inescapable. Under the full faith and credit statute, this Court must honor the Texas trial court's judgment. Under that judgment, Hannah Nuszen can bring no claim in this Court. Hannah Nuszen's claim, in this Court, must be dismissed under 28 U.S.C.A. § 1738 and under Fed. R. Civ. P. 12(b)(6).

On appeal, the Tenth Circuit did not even address this Court's constitutional ruling. It simply enforced the state court decisions under section 1738, applying Utah preclusion law. That law required Utah state courts to honor the decision in question, and therefore, this Court was also required to honor that decision. 698 F.3d at 1301-1302. The Tenth Circuit remanded the matter, directing this Court to dismiss the complaint. *Id.* at 1302.

For similar reasons, this Court should dismiss this complaint. Hannah Nuszen broadly claims that the Texas trial court reached its judgment by improper means. Principles of comity and federalism, embodied in federal preclusion doctrine, require her to pursue that claim in the Texas state courts. If she does not win relief from the Texas courts, she may eventually petition the United States Supreme Court for review. But she cannot appoint this Court as a roving

arbiter of the legitimacy of the Texas state court system.

## CONCLUSION

As explained herein, Hannah Nuszen can only pursue her complaint if she has authority to do so.

I was hired to chaperone the child and father to the facility of the father's choice. I was not a transporter by any definition. I never touched the child or drove the car. There are no factual allegations that I ever did either of those things.

We are not a federal attorneys nor can we afford to travel and retain one in the jurisdiction of this Court. I believe that this case was filed with the purpose to harass and further injure our reputation. I would ask you make the appropriate findings as this has caused an enormous amount of stress and taken a serious toll on me.

My apologies if I have filed this response later than I should have. When the process server left it at my home when I was not there I didn't know Federal laws allow someone to toss the pleading at my home and leave. I have tried to get together funds to find a lawyer in your area but have already spent what I had on the other lawsuits, well over $25,000. Thank you for reading this.

I am requesting that the case dismissed against NWMW to be dismissed for (1) complete lack of jurisdiction over us here in Texas, and (2) failure to state a legal claim and that any claim would be barred by statute of limitations.

RESPECTFULLY SUBMITTED and FILED by Certified mail this 24th day of October, 2017.

/s/ Norma Willcoxson / Melvin Willcockson
Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via the Court's e-filing, and by e-mail transmission, this 24th day of October, 2017, to the following:

Hannah Raquel Nuszen
5707 N. Christiana Avenue
Chicago, Illinois 60659

Norma Willcockson
Melvin Willcockson
1915 N. Frazier #104
Conroe, TX 77301

U.S. District Court
Southern District of Illinois
301 West Main St
Benton, IL 62812

Closed
10/2/17



7015 3010 0000 0473 6539



$4.54 0
US POSTAGE
FIRST-CLASS
062S0008146992
FROM 77304

RECEIVED
OCT 3 0 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT